Morris ROSEN, Debtor,

v.

**Karen E. BEZNER, Trustee,**

**Morris Rosen, Appellant.**

No. 92–5303.

United States Court of Appeals, Third Circuit.

Argued Jan. 25, 1993.

Decided June 18, 1993.

Michael Kahme (argued), Hill Wallack, Princeton, NJ, for appellee.

L. Steven Pessin (argued), A. Kenneth Weiner, East Brunswick, NJ, for appellant.

Before: STAPLETON and COWEN, Circuit Judges, and DUBOIS, District Judge.*

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

This is an appeal by a Chapter 7 debtor of an order of the district court affirming a denial of discharge issued by the bankruptcy court pursuant to 11 U.S.C. § 727(a)(2)(A). In granting summary judgment for the trustee, the bankruptcy court relied on the "continuing concealment" doctrine to conclude that the debtor had concealed an asset during the year before bankruptcy with an intent to hinder, delay, or defraud a creditor. For the reasons set forth below, we will reverse and remand for further proceedings.

### I.

On December 28, 1987, Morris Rosen transferred his interest in his principal residence to his wife Laurie Rosen for no consideration. The deed was properly recorded two days later. Morris Rosen continued to live in this residence, continued to make

---

* Honorable Jan E. DuBois, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

mortgage payments, and continued to be obligated on the mortgage notes on the property. In the course of civil litigation between Rosen and his principal creditor in May 1988, Rosen offered testimony disclosing this transfer of title.

On September 12, 1989, Rosen filed a chapter 7 bankruptcy petition. At the first meeting of creditors, Rosen again testified about the transfer of title. On March 23, 1990, the chapter 7 trustee filed a proceeding against Rosen seeking to avoid the transfer of Rosen's interest in the property. The bankruptcy court granted summary judgment for the trustee, finding that Rosen, "with the actual intent to hinder, delay, or defraud a creditor," transferred his interest in his principal residence to his wife. In addition, the court granted the trustee leave to amend her complaint to add a count seeking to bar the debtor's discharge.

The trustee subsequently filed a motion seeking to block Rosen's discharge, and on October 15, 1991, the bankruptcy court granted summary judgment to the trustee on this motion. On May 6, 1992, the district court entered an order affirming the bankruptcy court. Rosen filed this timely appeal.[1]

## II.

■■ Summary judgment is proper only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Bankr.R.P. 7056. "[T]he moving party has the initial burden of identifying the evidence that demonstrates the absence of a genuine issue of material fact...." *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991). "[W]here the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the ... court should deny summary judgment even if no opposing evidentiary matter is presented." *Resolution Trust Corp. v. Gill,* 960 F.2d 336, 341 (3d Cir.1992). In determining whether the movant has satisfactorily established that there is no genuine issue of material fact, courts must keep in mind that "inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962)). Because summary judgment is only appropriate where there is no issue of material fact and judgment is appropriate as a matter of law, our review of a grant of summary judgment is plenary. *Jefferson Bank v. Progressive Casualty Ins. Co.,* 965 F.2d 1274, 1276 (3d Cir.1992).[2]

## III.

■ Section 727(a) of the Bankruptcy Code provides that a debtor *shall* be granted a discharge *unless:*

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the

---

**1.** Because we are asked to review a final order of the district court affirming an order of the bankruptcy court, we have jurisdiction under 28 U.S.C. §§ 158(d), 1291. The district court had jurisdiction over the initial appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a), and the bankruptcy court had jurisdiction over this case pursuant to 28 U.S.C. § 157.

**2.** We note that the district court appears to have applied a "clearly erroneous" standard to certain of the bankruptcy court's "factual findings" (such as its determination of Rosen's intent), relying on the rule that a court, in reviewing the decision of a bankruptcy court, must apply a clearly erroneous standard to findings of fact and exercise plenary review over conclusions of law.

*See, e.g., In re Sharon Steel Corp.,* 871 F.2d 1217, 1222 (3d Cir.1989); *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 84 (3d Cir.1988). However, because summary judgment may only be granted where there is no genuine issue of material fact, any purported "factual findings" of the bankruptcy court cannot be "factual findings" as to disputed issues of fact, but rather are conclusions as a matter of law that no genuine issue of material fact exists; such conclusions of law are, of course, subject to plenary review. Thus, when either a district court or an appellate court reviews a grant of summary judgment, the standard of review is plenary; any application of the "clearly erroneous" standard is, in itself, clearly erroneous.

estate ... has transferred, removed, destroyed, mutilated, or concealed ...

(A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a) (1988). Congress described § 727's discharge provision as "the heart of the fresh start provisions of the bankruptcy law." H.R.Rep. No. 595, 95th Cong., 1st Sess. 384 (1977). The section is to be construed liberally in favor of the debtor. *See, e.g., In re Burgess,* 955 F.2d 134, 136 (1st Cir.1992); *In re Adeeb,* 787 F.2d 1339, 1342 (9th Cir.1986); *In re Devers,* 759 F.2d 751 (9th Cir.1985). Completely denying a debtor his discharge, as opposed to avoiding a transfer or declining to discharge an individual debt pursuant to § 523, is an extreme step and should not be taken lightly.

■ Section 727 provides an exception to the general rule that a court must grant a debtor his discharge; that exception consists of two components: an act (i.e. a transfer or a concealment of property) and an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor). The party seeking to bar discharge must prove that *both* of these components were present during the one year period before bankruptcy; anything occurring before that one year period is forgiven. In this case, it is undisputed that Rosen's transfer of the residence occurred more than a year before discharge. Thus, the summary judgment denying a discharge in this case can only be sustained if the uncontradicted evidence demonstrates that Rosen concealed property from his creditors, with the requisite intent, during the year before bankruptcy.

■ Under the "continuous concealment" doctrine, a concealment will be found to exist during the year before bankruptcy even if the initial act of concealment took place before this one year period as long as the debtor allowed the property to remain concealed into the critical year. *See In re Olivier,* 819 F.2d 550, 555 (5th Cir.1987) (discussing "the well-settled doctrine that ... the concealment of an asset that continues, with the requisite intent, into the year before bankruptcy constitutes a form of concealment which occurs within the year before bankruptcy"). This doctrine does not negate the "act" requirement of § 727 but merely recognizes that a failure to reveal property previously concealed can, in some circumstances, properly be considered culpable conduct during the year before bankruptcy warranting a denial of discharge.

The bankruptcy court's reliance on the continuous concealment doctrine in barring Rosen's discharge on the trustee's motion for summary judgment was, however, erroneous. The evidence before the bankruptcy court was insufficient to establish that there was no genuine issue of fact with respect to two critical elements necessary to support application of the doctrine, namely, that Rosen had a property interest to "conceal" and, that his concealment of this interest, if it existed during the year before bankruptcy, was motivated by an improper intent. Because genuine issues of material fact exist, the summary judgment denying Rosen a discharge under the continuing concealment doctrine cannot stand.

### A.

■ Under § 727(a), a relevant concealment can occur only if *property of the debtor* is concealed. Thus, it is clear from the language of the statute that the debtor must possess some property interest in order to be barred from discharge on the grounds of a "continuing concealment."

■ In this case, the bankruptcy court concluded, in its oral opinion, that "there was concealment of the transfer" and that the requirements of the "continuing concealment" doctrine were met because there was "a transfer of title [coupled] with the retention of the benefits of ownership" which continued into the year before bankruptcy. App. at 40.[3] In the bankruptcy court's view, when one transfers title and retains the benefits of ownership, there is a concealment because the debtor has concealed the transfer: by retaining the benefits of ownership the debtor falsely represents to the world that he still owns the property in question. *See* App. at 36 ("The concealment is transfer-

3. In so concluding the court relied on *Olivier,* 819 F.2d at 553.

ring the legal title to someone else and living there in a manner which suggests you're still the owner."). This, however, is an erroneous view of the law. What is critical under the concealment provision of § 727(a) is whether there is concealment of *property,* not whether there is concealment of a transfer.

■ In a situation involving a transfer of title coupled with retention of the benefits of ownership, there may, indeed, be a concealment of property. Where this is the case, however, the concealment is present not because retention of the benefits of ownership conceals the fact that the debtor no longer has legal title, but rather because the transfer of title represents to the world that the debtor has transferred away all his interest in the property while in reality he has retained some secret interest—a secret interest of which retention of the benefits of ownership may be evidence. A legally relevant concealment can exist, however, only if there is, in fact, some secret interest[4] in the property retained by the debtor. *See, e.g., In re Smith,* 11 B.R. 20, 22 (Bankr.N.D.Ohio 1981) ("Concealment has generally been defined as the transfer of legal title to property to a third party with the retention of a secret interest by the Bankrupt.") (quoted in *Olivier,* 819 F.2d at 553); *In re Vecchione,* 407 F.Supp. 609, 614 (E.D.N.Y.1976) (same); *cf. Thompson v. Eck,* 149 F.2d 631, (2d Cir.1945) (noting that "the bankrupt must have some legal interest in the property before he can be charged with its concealment" (citation omitted)).

■ Here, it is undisputed that Rosen continued to live in the property after the transfer to his wife. This retention of the benefits of ownership is evidence tending to show that Rosen did retain a secret interest pursuant to an express or tacit agreement with his wife, such as a right to reconveyance on demand or a right to live in the house rent-free. *See, e.g., Smith,* 11 B.R. at 22 ("[I]n cases where the plaintiff can prove that the debtor retained control · or an equitable interest in the property, the courts have appropriately denied discharge under the theory of continuing concealment.") (quoted in *Olivier,* 819 F.2d at 553). However, from the record, we cannot conclude as a matter of law that Rosen retained a secret interest. Rosen, as he claims, may have transferred all of his interest in the property to his wife; he might be living there at his wife's sufferance and be subject to eviction at will. We will thus remand for a factual determination as to whether Rosen retained a secret interest in the property which was concealed from his creditors during the year preceding his bankruptcy filing.[5]

### B.

■ As previously noted, § 727(a) requires both an act and an improper intent during the year prior to bankruptcy in order to deny a debtor his discharge. Under the continuing concealment doctrine, a concealment initiated prior to the one year period

---

4. It is undisputed that Rosen's transfer of legal title to his wife was valid, even though it eventually was avoided by the court on motion of the trustee.

5. This conclusion may appear to be in tension with two other Court of Appeals cases which have held that "retention of the benefits of ownership" or "circumstances indicating that the bankrupt continues to use the property as his own" are in themselves sufficient to constitute a concealment. *See, e.g., Olivier,* 819 F.2d at 553; *In re Kauffman,* 675 F.2d 127, 128 (7th Cir. 1981). The tension, however, is more apparent than real. We agree that in many cases evidence that the debtor retained the benefits of ownership and continues to use the property as his own will be sufficient to prove a concealment. However, we also recognize that the ultimate focus of the inquiry (and ultimate finding of the bankruptcy

court) must be whether the debtor actually has any property interest to conceal. In some circumstances, it may be that even though the debtor continues to use the property, he no longer has any right to do so having transferred away all of his interest.

We also note that neither *Olivier* nor *Kauffman* were resolved on summary judgment. While "retention of the benefits of ownership" on the part of the debtor may support an inference and a factual finding that the debtor retained a secret interest in the property, such an inference is inappropriate on a motion for summary judgment. Evidence of a complete transfer of legal title, even if accompanied by evidence that the debtor continues to use the property, may, in some circumstances, support a contrary inference that the debtor has no remaining interest and only uses the property at the sufferance of the new owner.

but continuing into that period will fulfill the act requirement. However, the party objecting to discharge must still prove an improper subjective intent during the year before bankruptcy in order to succeed. In this case, the bankruptcy court held, in its June 1991 order granting summary judgment on the trustee's motion to avoid the transfer of the property, that *the transfer* was with an actual intent to hinder or defraud creditors. It relied solely on this finding in holding that Rosen possessed the improper intent sufficient to bar discharge under § 727(a). However, this holding reflects a misapplication of § 727(a). Section 727(a) requires the party seeking denial of discharge to prove an intent to hinder or defraud creditors during the year immediately preceding bankruptcy; the fact that the original transfer of the property prior to the one year period was accompanied by an improper intent may provide some evidence of an improper intent during the critical period, but it does not, by itself, require a conclusion that the debtor's continuing concealment during that period was motivated by an intent to hinder or defraud creditors.

■ An individual's intent does not exist in a vacuum; in the context of § 727(a), the relevant intent is the motivation accompanying certain physical action. Here, what is critical is the intent accompanying Rosen's act of continuing concealment into the year before bankruptcy (assuming, in fact, that he had a property interest to conceal). Put another way, the trier of fact must determine why Rosen did not reveal his secret interest in the property to his creditors during the year preceding bankruptcy. In many and perhaps most cases, the circumstances surrounding the concealment and the very fact that the debtor has created and retained a

secret interest will be sufficient to hold as a matter of law that the debtor's intent in continuing the concealment was to hinder creditors.[6] In other cases, however, concealment may be unaccompanied by an intent to hinder creditors because, for example, the debtor is unaware that he is concealing an interest that might be subject to seizure by his creditors.

■ A reasonable trier of fact might read the record thus far in this case as indicating that Rosen did not know that he retained an interest after the transfer which his creditors might reach. The trustee's version of why Rosen transferred the property is similar to Rosen's own version: Rosen transferred the property to his wife on advice from his counselors at Gambler's Anonymous in order to prevent him from "gambling the house away." If this is, in fact, true, it may support an inference that the initial transfer was to hinder creditors. However, this rationale also suggests that once Rosen transferred title, he may no longer have believed that he had anything to "gamble away." Thus, even if the bankruptcy court were to conclude that Rosen did retain a secret interest, it is possible that Rosen believed, during the year prior to bankruptcy, that he had transferred away any attachable interest in the property. Unless Rosen believed that, in the absence of concealment, his creditors might be able to seize his retained interest or in some other way reach property subject to levy, any continuing concealment could not have been motivated by an intent to hinder creditors.[7]

■ We will therefore remand to the bankruptcy court for a factual determination not only as to whether Rosen retained a secret interest during the relevant period, but also as to whether any such concealment was accompanied by an actual intent to hin-

---

6. Where a debtor, for instance, takes a physical asset (i.e. a yacht, cash) and literally hides it, it is difficult to imagine many circumstances where a debtor could claim a genuine issue of fact as to his intent in continuing the concealment. In the vast majority of cases, it would be fair to conclude that the debtor's intent was to hinder creditors.

7. We note that the only evidence supporting the trustee's allegation that Rosen possessed an improper intent was that Rosen lived in his house after conveying title to his wife and that he represented to his creditors that he had transferred complete title. There are no other acts or misrepresentations indicating an intent to hinder creditors on the record before us. Thus, the evidence is at least as consistent with a conclusion that Rosen's continued concealment resulted from a belief that he had already transferred away complete title as with the trustee's suggestion that Rosen concealed his interest in order to hinder creditors.

der or defraud creditors. In making the determination regarding subjective intent, the court should consider Rosen's own testimony regarding his state of mind as well as the surrounding circumstantial evidence of intent. *See, e.g., In re Kauffman,* 675 F.2d 127, 128 (7th Cir.1981) ("Intent, however, 'must be gleaned from inferences drawn from a course of conduct.' ") (quoting *Vecchione,* 407 F.Supp. at 615).

### C.

■ In conclusion, we again note that § 727 is to be construed liberally in favor of the debtor and that a total bar to discharge is an extreme penalty. From the statutory language, it is clear that Congress intended this penalty to apply only where there is proof that the debtor intentionally did something improper during the year before bankruptcy; improper conduct before the one year period is forgiven.[8] Here, even if the debtor did transfer property with an intent to hinder or defraud creditors prior to the one year period, it may be that he retained no interest in the property after the transfer or, even if he did, that he did not believe that he retained an interest which would be reachable by creditors who became aware of it.

Because there are genuine issues of material fact in this case, the district court's grant of summary judgment for the trustee cannot be sustained. Rosen's discharge can be barred pursuant to § 727(a)(2)(A) only if the bankruptcy court finds that Rosen did retain a secret interest in the property and that Rosen's continuing concealment of this interest was motivated by an actual intent to hinder, delay, or defraud creditors.

### IV.

Accordingly, we will reverse and remand to the district court with instructions that this matter be returned to the bankruptcy court for further proceedings consistent with this opinion.

---

8. Were we to accept the position advocated by the trustee and adopted by the courts below that an intent to hinder creditors present at the initial transfer automatically suffices to meet the requirement of an improper intent during the year before bankruptcy, then the one year limitation in § 727(a) would be rendered meaningless in a great many cases.

