*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b).  See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  06b0019n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re:   SCOTT W. SPENCER, | ) | |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| PINNACLE   TECHNOLOGY   RESOURCES, INC., | ) | |
| | ) | |
| | ) | No. 06-8010 |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT W. SPENCER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, at Columbus.
Bankruptcy Case No. 02-66532; Adv. No. 03-2084.

Submitted:  August 23, 2006

Decided and Filed:  December 8, 2006

Before: PARSONS, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**COUNSEL**

**ON BRIEF:** Jeffrey M. Lewis, SWEDLOW, BUTLER, INMAN, LEVINE & LEWIS, Columbus,
Ohio, for Appellee.  Scott W. Spencer, Columbus, Ohio, pro se.

---

**OPINION**

---

JOSEPH M. SCOTT, JR., Bankruptcy Appellate Panel Judge.  Scott W. Spencer (the "Debtor") appeals the judgment of the bankruptcy court denying his chapter 7 discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A), asserted in an adversary proceeding brought by Pinnacle Technology Resources, Inc. ("Pinnacle") based on a prepetition state court action in which the Debtor was sanctioned for his actions as counsel.

## I.   ISSUES ON APPEAL

Whether the bankruptcy court erred in its denial of the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A).

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP" or "Panel") has jurisdiction to hear and decide this appeal.  The United States District Court for the Southern District of Ohio has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court.  *See* 28 U.S.C. § 158(b)(6), (c)(1).  An order denying a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A) is a final order, *see*, *e.g.*, *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 720 (B.A.P. 6th Cir. 1999), and final orders of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1).

In reaching its denial of the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A), the bankruptcy court entered a thirty-three page Memorandum Opinion and Order with findings of fact and conclusions of law.  The Panel reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.  *Adell v. John Richards Homes Bldg. Co. (In re John Richards Homes Bldg. Co.)*, 439 F.3d 248, 254 (6th Cir. 2006).  "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'"  *United States v.*

*Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)). Because the trial transcript, and any documentary evidence admitted at trial, are not part of the record on appeal, demonstrating clear error is difficult at best. Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

## III. FACTS

The facts, as set forth in the bankruptcy court's opinion or as found in the Debtor's Appendix, are as follows:

On May 13, 1985, the Debtor was admitted to practice law in the state of Ohio. He testified that his law firm, Scott W. Spencer Co., L.P.A. ("LPA"), was formed in the mid-1990's. On December 23, 1994, the Debtor was suspended for a year from practicing law in Ohio and was reinstated on January 25, 1996. His original statement of affairs suggests that LPA had been in existence since January of 1996.

On May 21, 1998, Pinnacle sued the Debtor's client Shafer Consulting Group, Inc. for $295,000 in the Franklin County, Ohio, Court of Common Pleas. In the course of that state court action, on October 11, 2000, the court awarded Pinnacle $27,846.09 in attorney fees and costs as a sanction for the Debtor's outrageous conduct in the case. *Pinnacle Tech. Res., Inc. v. Shafer Consulting Group, Inc.,* 2001 WL 1117315 (Ohio App. 10th Dist. Sept. 25, 2001), *appeal denied*, 762 N.E.2d 370 (Ohio 2002).

On May 22, 2002, the Debtor registered LPA with the state of Ohio. Also on that date, which was approximately seven months before the Debtor filed bankruptcy, he represented to Pinnacle's counsel, who was attempting to collect on the state court judgment, that LPA had been registered with the state of Ohio as a corporation in July of 1995, during the period in which the Debtor had been suspended from the practice of law, and that because of incorporation, the assets of the law firm could not be reached. The Debtor presented Pinnacle's counsel with a copy of the LPA's Articles

of Incorporation dated July 11, 1995, which purported to have a registration approval. However, the registration, which in fact had been made in May of 2002, was cancelled on December 10, 2002, because of an insufficient funds check. The bankruptcy court stated that from the evidence at trial, it doubted the law firm ever existed as a separate legal entity for any significant period of time.

The Debtor's wife was the office manager of LPA as well as having her own business, Spencer Enterprises, which offered interpreter services. Mrs. Spencer maintained the financial records of LPA. Business and personal expenses and income were commingled. According to the bankruptcy court, the law firm had "financial reporting shortcomings."

On December 16, 2002, the Debtor filed a petition for relief under chapter 7 in the U.S. Bankruptcy Court for the Southern District of Ohio, *In re Scott W. Spencer*, Case No. 02-66532. On February 13, 2003, Pinnacle filed Adversary Proceeding No. 03-2084, *Pinnacle Technology Resources, Inc. v. Scott W. Spencer*. The Debtor, *pro se*, filed his answer on May 1, 2003. On July 15, 2003, he resigned from the practice of law. Nine days later, on July 24, 2003, the Debtor filed a motion to dismiss the amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), and (5), or in the alternative, "for an Order to Quash the Summons and Complaint Pursuant to Fed. Civ. R. 4(j)." A little over a month later, on September 8, 2003, he filed his Motion to Quash Service of Summons and Complaint Allegedly Served on or About July 31, 2003. The bankruptcy court denied both motions by orders entered on October 30, 2003, and the Debtor appealed those orders. On January 27, 2004, the BAP entered an order in Case No. 04-8004, dismissing the interlocutory appeal for lack of jurisdiction because the appeal was untimely.

On May 18, 2004, Pinnacle filed its Second Amended Complaint, citing 11 U.S.C. §§ 523(a)(7), 727(a)(2)(A), (a)(3), (a)(4)(A), (a)(4)(D), (a)(5), and (a)(6)(A), and the Debtor filed his answer on June 18, 2004, asserting "Lack of Jurisdiction Over the Person," "Failure of Process," "Insufficiency of Process," and "Insufficiency of Service of Process." Four days prior to the scheduled trial date of October 1, 2004, on September 27, 2004, the bankruptcy court entered Order Requiring Filing of Amended Petition, Schedules and Statement of Affairs, and List of Exhibits. The Debtor filed amended schedules in his bankruptcy case that day.

By the bankruptcy court's count, twenty-five scheduling and discovery-related orders were entered in the adversary proceeding seeking financial information from the Debtor and his wife, and "numerous" discovery-related orders were entered in the main bankruptcy case. Several hearings related to discovery, specifically, the exchange of "basic financial information," were conducted. According to the bankruptcy court, ultimately the Debtor and his wife produced some thirteen boxes of financial information. No appeal was taken of any discovery-related orders entered in the adversary proceeding, including the Debtor's Motion to Compel Discovery Pursuant to Rule 45 of the Federal Rules of Civil Procedure, which was filed between the second and third days of trial.

The trial lasted five days, at the conclusion of which the court directed the parties to file post-trial briefs. The transcript of the trial is six volumes and, according to the Debtor, "exceeds seven hundred pages in length." Appellant's App. at p. 2.

On February 16, 2006, the bankruptcy court entered its Memorandum Opinion and Order and its Judgment Entry Denying Discharge, under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A), Counts I and II, respectively, of the Second Amended Complaint. Although rejecting denial of the Debtor's discharge under other sections of the Code asserted by Pinnacle, as well as nondischargeability of the debt, the court commented that the Debtor's "course of conduct" was evident. On February 24, 2006, the Debtor, *pro se*, timely appealed the judgment.

## IV.   DISCUSSION

Although the Debtor is *pro se* and might be afforded some latitude for that reason, he was trained as an attorney. He filed neither a designation of items to be included in the record on appeal nor a statement of the issues to be presented. *See* Fed. R. Bankr. P. 8006, 6th Cir. BAP LBR 8006 (requiring appellant to file and serve on appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented). In addition, the Debtor has not provided any part of the trial transcript. *See* 6th Cir. BAP LBR 8009-3(d) ("Pursuant to Rule 8009(b)(9), the appendix shall include the portions of the transcript necessary for adequate review of the issues before the panel."). Failure to provide the Panel with relevant portions of the trial transcript makes evaluation of the validity of the Debtor's arguments difficult. *Cf. Knowles Bldg.*

*Co. v. Zinni (In re Zinni)*, 261 B.R. 196, 202 (B.A.P. 6th Cir. 2001) (holding that failure of appellant to provide transcript "may hinder its ability to argue on appeal that the bankruptcy court made an unsupported finding of fact or conclusion of law").

In his brief, the Debtor lists five issues on appeal: (1) Pinnacle's alleged defective service of process of its complaint; (2) the bankruptcy court's denial of discovery by the Debtor regarding the state court judgment; (3) the bankruptcy court's denial of the Debtor's chapter 7 case because of alleged fraud by Pinnacle; (4) Pinnacle's not having a prima facie case under 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A); and (5) the bankruptcy court's finding that the Debtor's amendment of his Schedules was in violation of 11 U.S.C. § 727(a)(4)(A). However, the Debtor appealed from the judgment entered by the bankruptcy court on February 16, 2006, which is in accordance with the memorandum opinion entered that same day. The memorandum opinion is based on the Second Amended Complaint filed May 18, 2004. Furthermore, the Debtor did not include in the list of items in his Appendix the bankruptcy court order denying his motion to dismiss, the order denying his motion to quash, or any of the orders denying his requests for discovery.[1] *See* Fed. R. Bankr. P. 8009(b)(4) (requiring appellant's appendix to include any orders relevant to the appeal). The Panel is not obliged to treat the issues outlined in the Debtor's brief as those properly preserved and presented to it. *See R.D.F. Devs., Inc. v. Sysco Corp. (In re R.D.F. Devs., Inc.)*, 239 B.R. 336, 339-40 (B.A.P. 6th Cir. 1999). Lastly, "[a]ppellate courts ordinarily do not consider issues raised for the first time on appeal [and] [a]n argument is waived that is not first presented to the bankruptcy court." *Koenig Sporting Goods, Inc. v. Morse Road Co. (In re Koenig Sporting Goods, Inc.)*, 229 B.R. 388, 389 n.1 (B.A.P. 6th Cir. 1999) (internal citations omitted). In the present case, following entry of the judgment, the Debtor did not file a motion for new trial or for amendment of the judgment based on the fraud that he now alleges was committed by Pinnacle at trial. *See* Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59). Thus, the only issue before the Panel is whether, based on the findings of fact made by the bankruptcy court, it properly concluded under 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A) that the Debtor's discharge should be denied.

---

[1] Even if the issue of the bankruptcy court's denial of discovery by the Debtor regarding the state court judgment had been preserved for this appeal, the appropriateness of the state court judgment awarding Pinnacle attorney fees and costs as a sanction against the Debtor was affirmed on appeal by the state court. *Pinnacle Tech. Res., Inc.,* 2001 WL 1117315. In addition, the discovery sought by the Debtor related to the merits of the state court judgment, which, under the doctrine of *res judicata*, the Debtor was precluded from challenging. *See, e.g., MetroHealth Med. Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 216-17 (1997).

Section 727(a)(4)(A) of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless–

. . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case–

(A) made a false oath or account[.]

11 U.S.C. § 727(a)(4)(A).

The BAP's case of *Hamo v. Wilson* offers a guide for the review of a bankruptcy court's denial of discharge under this section of the Bankruptcy Code. The party seeking denial of the debtor's discharge has the burden of proof, by a preponderance of the evidence, of showing: (1) the statement was made under oath (statements made in a bankruptcy case are made under oath); (2) the statement was false; (3) the statement related materially to the bankruptcy (a fact is material if it leads to discovery of or relates to the existence or disposal of property of the debtor); (4) the debtor knew the statement was false (knowledge is defined as the debtor knowing the truth and not stating it; however, reckless indifference to the truth, not mistake or inadvertence, also can be knowledge); and (5) the debtor made the statement with fraudulent intent (intent may be inferred from circumstantial evidence or from the debtor's course of conduct). *Hamo*, 233 B.R. at 725 (citing *Hunter v. Sowers (In re Sowers)*, 229 B.R. 151, 158 (Bankr. N.D. Ohio 1998)). The trial court observes the demeanor and credibility of the witness and may find a continued pattern and reckless indifference by the debtor. *Id.* at 725. For a finding under this section, the court can be left with a "significantly abridged view" of the debtor's income and assets. *Id.* A recent, unpublished opinion by this same Panel highlights the significance of the "false oath" provision of the Code. In *Larocco v. Smithers (In re Smithers)*, 342 B.R. 384, 2006 WL 509396 (B.A.P. 6th Cir. 2006) (unpublished table decision), the BAP affirmed the bankruptcy court's denial of discharge because of the debtor having undervalued a shotgun and in not having disclosed two other guns. The BAP stated that the debtor's actions showed "reckless indifference for the truth of the schedules and, therefore, . . . the requisite fraudulent intent." *Smithers*, 2006 WL 509396, at *4.

In the case at hand, Pinnacle's claim was based on the assertion that the Debtor's failure to list the physical assets and/or contingent assets of his unincorporated law firm constituted a knowing

and fraudulent false oath or account. The Debtor admitted that he had initially failed to disclose these assets, but argued that he had no obligation to list any assets of the LPA. The bankruptcy court concluded that Pinnacle had sustained its burden of proof for denial of discharge under § 727(a)(4)(A), enumerating five reasons for this result: (1) regardless of the legal status of the LPA, the Debtor had a legal and equitable interest in its assets because he was its primary, if not sole, shareholder and therefore had a legal duty to disclose its assets; (2) the amendments to his Schedules, filed on the eve of trial and pursuant to court order, disclosed additional assets which appeared to have existed at the time of the Debtor's filing bankruptcy; (3) the Debtor, an attorney, was in the best position to know of the existence of receivables or contingent claims from the law practice; (4) the fact that some of the receivables appeared to have become valueless did not obviate the need for full and complete disclosure by the Debtor, and full disclosure would have given the Trustee and creditors the time and opportunity to fully evaluate the assets; and (5) errors and omissions in the original filing and the Debtor's course of conduct indicated that he "knowingly provided a false account with the intent to defeat [Pinnacle's] collection efforts." Appellant's App., No. 27 at p. 25. This course of conduct included the fact that it took months of discovery litigation to extract basic information from the Debtor, at trial the Debtor and his wife were evasive and gave conflicting information regarding their financial affairs, and they commingled business and personal monies rendering it more difficult to ascertain potential sources of recovery.

We find no error in the bankruptcy court's conclusions of law. The factual findings of the court established the required elements of § 727(a)(4)(A). The Debtor's Schedules were under oath and were false in that they failed to include the Debtor's interests in the LPA. The omissions related materially to the Debtor's bankruptcy case because they concerned the existence of the Debtor's assets. *See Hamo*, 233 B.R. at 725. The court's findings also established the Debtor's knowledge of the omissions and the Debtor's evasive conduct supported the court's conclusion of fraudulent intent. Accordingly, the Debtor's assertion that Pinnacle failed to establish a prima facie case under § 727(a)(4)(A) is without merit.

The bankruptcy court also concluded that the Debtor's discharge should be denied under Section 727(a)(2)(A), which provides:

(a) The court shall grant the debtor a discharge, unless–

. . . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–

(A) property of the debtor, within one year before the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2)(A).

In *Keeney v. Smith (In re Keeney)*, 227 F.3d 679 (6th Cir. 2000), the court considered this section of the Bankruptcy Code and applied the judicially created "continuous concealment doctrine." The party seeking a denial of discharge under this section has the burden of proving, by a preponderance of the evidence: (1) disposition of property, such as concealment, and (2) intent to hinder, delay, or defraud a creditor by disposing of the property. *Keeney*, 227 F.3d at 683 (citing *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997)). Intent may be inferred from the surrounding circumstances. *Id*. at 684 (citing *In re Snyder*, 152 F.3d 596, 601 (7th Cir. 1998)). Although, under the statute, the disposition or concealment of property must have been within one year of filing bankruptcy, the continuous concealment doctrine permits denial of the debtor's discharge if the concealment, with the requisite intent, commenced prior to the one-year period and the debtor retained a secret benefit of ownership in the property within the year prior to filing. *Id*. at 684-85.

Helpful to understanding the doctrine of continuous concealment is the Third Circuit Court of Appeals' decision in *Rosen v. Benzer*, 996 F.2d 1527 (3rd Cir. 1993), wherein the court explained:

This doctrine does not negate the "act" requirement of § 727 but merely recognizes that a failure to reveal property previously concealed can, in some circumstances, properly be considered culpable conduct during the year before bankruptcy warranting a denial of discharge.

996 F.2d at 1531.

In the case before the Panel, the bankruptcy court concluded that Pinnacle had sustained its burden of proof for denial of discharge under this section. The court found from the evidence at trial,

which included the Debtor's and Mrs. Spencer's testimony, and from the record, which included the originally filed Schedules and Statement of Financial Affairs as well as amendments to them, that the Debtor had concealed income, had deliberately misrepresented the legal status of his law practice, and had made the discovery of potential assets difficult. Specifically, the court recited that during 2001 and 2002, the two-year period during which Pinnacle was attempting to collect its approximately $28,000 judgment against the Debtor, the Debtor failed to deposit any funds into a bank account in his name or that of his LPA. Yet during the same time period, some $63,000 was deposited into Mrs. Spencer's personal checking account even though she had only nominal income from her own business. The court also found that on May 22, 2002, approximately seven months prior to the bankruptcy filing, the Debtor represented to Pinnacle's counsel that assets of the law firm were unreachable for collection of the judgment against him because the assets were protected by the incorporation of the business which he advised occurred in 1995, even though the registration was taking place simultaneously with the misrepresentation. As for making the discovery of assets difficult, the court noted that receivables and potential receivables owed by the Debtor's former clients were not disclosed on his original or amended Schedule B. According to the court:

> The Defendant has not been forthcoming in providing financial information. It took months of significant discovery litigation to obtain the financial information that was ultimately provided. Also, the Defendant failed to amend his bankruptcy schedules and statement of affairs until the eve of trial and only after direction by the Court. All of this information, had it been provided in a timely manner, may have aided the Plaintiff's efforts to obtain some recovery.

Appellant's App., No. 27 at p. 31. The court commented that the Debtor and his wife had given evasive and confusing, if not inaccurate, testimony during the course of discovery and at trial regarding bank accounts they maintained, there being more than ten discussed at trial. Furthermore, the commingling of business and personal expenses and income made it "extremely difficult to ascertain the [Debtor's] true financial status." Appellant's App., No. 27 at p. 32. In conclusion, based on all of the information in the record, the court stated that "through all these efforts during the years of 2001 and 2002 the Defendant was intentionally engaged in the process of continuously concealing and shielding his law practice income, including receivables and cash, from collection by the Plaintiff." *Id*.

Clearly, the factual findings support the bankruptcy court's conclusions of law and establish the required elements of § 727(a)(2)(A) of the Bankruptcy Code: a concealment of property within the year prior to the Debtor's bankruptcy filing with the intent to hinder, delay or defraud a creditor's collection efforts. *See In re Keeney*, 227 F.3d at 683. As such, the Debtor's contention that Pinnacle failed to present a prima facie case under § 727(a)(2)(A) is erroneous.

In sum, based on the incomplete record on appeal as presented by the Debtor, the Panel must accept the bankruptcy court's findings of fact relied upon by it in further finding the requisite intent under §§ 727(a)(4)(A) and (a)(2)(A). Those findings support the court's determinations that the Debtor knowingly provided a false account under oath with the intent to defeat Pinnacle's collection efforts and that he was intentionally engaged in the process of continuously concealing and shielding his law practice income from collection by Pinnacle. The court's findings are not clearly erroneous and the court correctly denied the Debtor's discharge under §§ 727(a)(4)(A) and (a)(2)(A).

## V.  CONCLUSION

For the forgoing reasons, the judgment of the bankruptcy court in denying the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A) is AFFIRMED.