**In re George K. BOYER, Debtor.**

**Republic Credit Corporation I, Appellant,**

v.

**George K. Boyer & Kenneth Boyer, Appellees,**

**Ronald I. Chorches & Mary Boyer, Intervenors.**

**Republic Credit Corporation I, Appellant,**

v.

**George K. Boyer, Appellee.**

**Nos. 07–3720–bk, 08–1890–bk.**

United States Court of Appeals, Second Circuit.

June 11, 2009.

Douglas M. Evans (Richard M. Levy, on the brief), Kroll, McNamara, Evans & Delehanty, LLP, West Hartford, CT, for Appellant.

Patrick W. Boatman, Law Offices of Patrick W. Boatman, LLC, East Hartford, CT, for Appellees and Intervenor Mary Boyer.

Marjorie R. Gruszkiewicz (Ronald I. Chorches, Law Offices of Ronald I. Chorches, LLC, Wethersfield, CT, on the brief), for Intervenor Ronald I. Chorches.

PRESENT: Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. JANE A. RESTANI,* Judge.

## SUMMARY ORDER

This summary order dispenses with two separate appeals before this Court, 07–3720–bk and 08–1890–bk, brought by Appellant Republic Credit Corporation I ("Republic") to challenge rulings concerning the chapter 7 bankruptcy case of George K. Boyer ("Debtor"). In 07–3720–bk, Republic appeals from the August 2, 2007 judgment of the United States District Court for the District of Connecticut (Bryant, J.), affirming the October 19, 2006 decision by Bankruptcy Judge Lorraine Murphy Weil. Over Republic's objection, this 2006 bankruptcy court decision granted the Motion for Authority to Compromise Claims brought by Trustee Ronald I. Chorches ("Trustee") to settle constructive trust claims against, *inter alia,* Mary Boyer and Kenneth Boyer, the Debtor's wife and son, in exchange for an $85,000 payment from Mary Boyer. In 08–1890–bk, Republic appeals from the March 28, 2008 judgment of the United States District Court for the District of Connecticut (Bryant, J.), affirming the April 9, 2007, 367 B.R. 34, decision by Bankruptcy Judge Weil. Following trial, the bankruptcy court rejected Republic's claims that the Debtor had (1) fraudulently concealed various assets, including real property, personal property and redirected compensation, and (2) made false oaths with respect to these

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

assets, in violation of 11 U.S.C. § 727. As a result, the bankruptcy court ruled that the Debtor was entitled to discharge. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We begin by addressing Republic's arguments in case number 07–3720–bk. With respect to Republic's first contention—that the district court and bankruptcy court erred as a matter of law by applying the legal standard governing assignment of avoidance actions to determine whether the Trustee could assign the constructive trust claims to Republic—we agree with the Boyers that Republic forfeited this argument by failing to raise it below and by instead affirmatively relying on this legal standard in its lower court briefs. Therefore, we do not consider Republic's challenge to the applicability of this standard.

As relevant to the present appeal, we note that the standard used to assess the assignment of avoidance actions entails considerations that are equally relevant to a bankruptcy court's appraisal of a proposed settlement under Federal Rule of Bankruptcy Procedure 9019. In particular, the requirement that an assignment be in the "best interest of the bankruptcy estate" is similar to the requirement that a settlement be in the bankruptcy estate's best interests before it can be approved. *Compare Krys v. Official Comm. of Unsecured Creditors of Refco Inc. (In re Refco Inc.)*, 505 F.3d 109, 119 (2d Cir.2007) ("In any event, a bankruptcy court's obligation is to determine whether a settlement is in the best interests of the estate . . . ." (emphasis omitted)), *and Motorola, Inc. v. Official Comm. of Unsecured Creditors & JPMorgan Chase Bank, N.A. (In re Iridium Operating LLC)*, 478 F.3d 452, 462, 463 & n. 18 (2d Cir.2007) (discussing requirement that bankruptcy court determine whether a settlement is "fair and equitable"), *with Glinka v. Abraham & Rose Co. (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70 (2d Cir.2002) (observing that creditor standing to bring assigned avoidance action on behalf of estate requires, among other things, that suit by the creditor is in the " 'best interest of the bankruptcy estate' ") (quoting *Commodore Int'l, Ltd. v. Gould (In re Commodore Int'l, Ltd.)*, 262 F.3d 96, 100 (2d Cir.2001)).

▮ In the present case, the bankruptcy court concluded that the Trustee had exercised informed judgment in moving to settle the claims, *In re Boyer (Boyer I)*, 354 B.R. 14, 33 (Bankr.D.Conn.2006), and explicitly credited the Trustee's statements of opinion and his bases for that opinion, *id.* at 26 n. 22—bases that included the need to bring closure to the estate and the desire to avoid needless delay due to Republic's pursuit of "useless litigation," *id.* at 35, 37. Just as the assignment of avoidance actions raises concerns over the "delegation and dilution of the trustee's dut[ies]," *id.* at 34 n. 33 (internal quotation marks omitted), a transfer of the constructive trust claims to Republic would similarly diminish the Trustee's ability to bring a conclusion to the bankruptcy estate in a timely and orderly fashion. Such concerns are sufficient to justify the Trustee's determination that the marginal increase in recovery that would result from assigning the claims to Republic was not worth the difficulties that would also follow. Such considerations also justify the conclusion that, even in the face of Republic's purchase offers, the bankruptcy court's conclusion that the proposed settlement " 'd[id] not fall below the lowest point in the range of reasonableness' " was not an abuse of discretion. *Id.* at 34 (quoting *Nisselson v. Carroll (In re Altman)*, 302 B.R. 424, 425 (Bankr.D.Conn.2003)); *see also Newman v. Stein*, 464 F.2d 689, 692–

93 (2d Cir.1972) (articulating abuse-of-discretion and range-of-reasonableness standards for review of a bankruptcy court's approval of a settlement).

Because the bankruptcy court justifiably accepted the Trustee's conclusion that the settlement was in the bankruptcy estate's best interests and not Republic's purchase offers, we need not further consider the bankruptcy court's analysis of Republic's offers under the legal standard governing the assignment of avoidance actions.[1] Moreover, we reject Republic's contentions that the bankruptcy court could not approve the settlement because the Trustee chose not to submit Republic's offers to the court and because the court lacked necessary information. The extensive testimony and briefing considered by the bankruptcy court provided a sufficient factual basis for its approval of the settlement. We therefore affirm the bankruptcy court's approval of the motion to compromise at issue in case number 07–3720–bk.

Turning to 08–1890–bk, we start with the pertinent legal standards. This Court "reviews the bankruptcy court's determinations of law *de novo* and accepts its findings of fact unless they are clearly erroneous." *McCord ex rel. Bean v. Agard (In re Bean)*, 252 F.3d 113, 116 (2d Cir.2001). When a creditor challenges a debtor's discharge, the standard of proof is the preponderance of the evidence and the burden of persuasion lies with the creditor—here, Republic. *Grogan v. Garner*, 498 U.S. 279, 289, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also* Fed. R. Bankr.P. 4005 ("At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection.").

We have stated that 11 U.S.C. § 727 "imposes an extreme penalty for wrongdoing," and as such, "must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir.1996) (internal quotation marks omitted). Two provisions of § 727 are relevant here: § 727(a)(2) and § 727(a)(4)(A).

To prove a § 727(a)(2) violation, a creditor must show "an act (i.e.[,] a transfer or a concealment of property) and an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor)," and "the party seeking to bar discharge must prove that *both* of these components were present during the one year period before bankruptcy." *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir.1993); *see also* 11 U.S.C. § 727(a)(2)(A) ("The court shall grant the debtor a discharge, unless ... the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed ... property of the debtor, within one year before the date of the filing of the petition ...."). While this Court has not yet addressed the issue, other Circuits have recognized a "continuous concealment" doctrine under 11 U.S.C. § 727: "Under the 'continuous concealment' doctrine, a concealment will be found to exist during the year before bankruptcy even if the initial act of concealment took place before this one year period as long as the debtor allowed the property to remain concealed into the critical year." *Rosen*, 996 F.2d at 1531; *see also, e.g., Thibodeaux v. Olivier (In re Olivier)*, 819 F.2d 550, 555

---

**1.** In particular, we express no opinion on whether the consent prong of the standard set forth in *Housecraft*, 310 F.3d at 70, and *Commodore*, 262 F.3d at 100, may be interpreted to bar the assignment of claims when a trustee lacks sufficient belief in the likelihood of prevailing on those claims.

(5th Cir.1987). For purposes of this appeal, we assume *arguendo* that the continuing concealment doctrine applies. Since fraudulent intent is rarely subject to direct proof, we look to circumstantial " 'badges of fraud' to establish the requisite actual intent to defraud." *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582 (2d Cir.1983).[2] Finally, we also assume *arguendo* that a creditor may prevail on a § 727 claim based on a diversion of assets theory, i.e., where a debtor attempts to frustrate creditors by diverting the fruits of his industry to others, who then provide him with the use and enjoyment of those fruits. *See Cadle Co. v. Ogalin (In re Ogalin)*, 303 B.R. 552, 558 (Bankr.D.Conn. 2004).

To prove a § 727(a)(4)(A) violation, a creditor must show that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir.2000); *see also* 11 U.S.C. § 727(a)(4)(A) ("The court shall grant the debtor a discharge, unless ... the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account...."). "Whether a debtor has made a false oath under section 727(a)(4)(A) is a question of fact." *Keeney*, 227 F.3d at 686 (citing *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251 (4th Cir.1987)).

We begin with Republic's claims in connection with the real and personal property gifted to Mary Boyer in 1989. With respect to the § 727(a)(2) fraudulent concealment claim, Republic argues that the bankruptcy court committed legal error and made clearly erroneous factual findings. The bankruptcy court disposed of Republic's claim by crediting the Debtor's explanation of the 1989 transfer and then reasoning as follows: "Given that the court is not persuaded that the requisite intent existed with respect to and at the time of the 1989 transfers, the court is unpersuaded on this record that there was fraudulent intent within the statutory one-year period (about eleven years later[).]" *In re Boyer (Boyer II)*, 367 B.R. 34, 46 (Bankr.D.Conn. 2007). Republic asserts two claims of legal error in this analysis: that the bankruptcy court (1) focused exclusively on the Debtor's intent during the 1989 transfer of assets rather than the one-year reach-back period and, in doing so, (2) ignored *Kaiser's* "badges of fraud." These arguments ignore the import of the bankruptcy court's determination that the Debtor lacked fraudulent intent with respect to the 1989 transfer—a determination that Republic does not contest in its claim of *legal* error. If the 1989 transfer of property was bona fide, the Debtor could not have retained a concealed interest in those assets, and the alleged concealment of a property interest could not have continued into the one-year reach-back period. *Cf. Rosen*, 996 F.2d at 1532 ("A legally relevant concealment can exist ... only if

---

**2.** These include:
  (1) the lack or inadequacy of consideration;
  (2) the family, friendship or close associate relationship between the parties;
  (3) the retention of possession, benefit or use of the property in question;
  (4) the financial condition of the party sought to be charged both before and after the transaction in question;

  (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and
  (6) the general chronology of the events and transactions under inquiry.
*Kaiser*, 722 F.2d at 1582–83.

there is, in fact, some secret interest in the property retained by the debtor."). Given the bankruptcy court's conclusion that the 1989 transfer was bona fide, the court's focus on the Debtor's intent during that period and failure to analyze "badges of fraud" relating to a subsequently formed fraudulent intent some eleven years later was not legal error.

■ Next, Republic argues that the bankruptcy court's acceptance of the Debtor's explanation for the 1989 transfer, i.e., estate planning, constitutes clear error. Republic points to, *inter alia*, the Debtor's impending financial collapse; the lack of estate planning experience of Robert Sussler, the attorney who testified that he counseled the Debtor to undertake the 1989 transfer; the absence of evidence that Debtor engaged in any subsequent estate planning; and an unrelated, unexplained financial transaction between Sussler and Mary Boyer. However, Boyer testified that he believed his finances were on sound footing at the time of the transfer, stating that his assets "were far from crumbling ... because I remember making an application for a loan in excess of 2 or 3 million dollars that was granted." App. 60. In April 1989, approximately one month after the transfer at issue, the Debtor's financial statement still indicated a net worth of approximately ten million dollars. It was not until December 1989 that his assets had diminished to a mere three hundred thousand dollars. More importantly, the bankruptcy court found the Debtor to be a credible witness. Moreover, Sussler testified that the transfer was "for the purposes of affording Mary Boyer and Mary Boyer's children some protection," app. 302, thereby corroborating the Debtor's estate planning explanation. And notwithstanding Sussler's lack of estate planning expertise, there is nothing implausible about his advice to "do the

first step and then get someone who can do the rest of the steps." *Id.* Considering the record as a whole, the "particularly strong deference due a [trial] court's findings of fact based on credibility assessments of witnesses it has heard testify," *United States v. Canova*, 412 F.3d 331, 357 (2d Cir.2005) (citing *Mathie v. Fries*, 121 F.3d 808, 812 (2d Cir.1997)), and the principle that "[a]n appellate court cannot substitute its interpretation of the evidence for that of the trial court simply because the reviewing court might give the facts another construction, resolve the ambiguities differently, and find a more sinister cast to actions which the [trial court] apparently deemed innocent," *Inwood Labs. v. Ives Labs.*, 456 U.S. 844, 857–58, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982) (internal quotation marks omitted), we are not left with "the definite and firm conviction that a mistake has been committed." *United States v. Abiodun*, 536 F.3d 162, 166 (2d Cir.2008). Thus, we do not disturb the bankruptcy court's finding that the Debtor transferred the personal and real property at issue to Mary Boyer in 1989 with an estate planning motive rather than a fraudulent one, and as a result, Republic's § 727(a)(2) fraudulent concealment claim fails.

With respect to the § 727(a)(4)(A) false oaths claim, Republic argues that the Debtor failed to represent secret property interests on his bankruptcy schedules and that the bankruptcy court's finding to the contrary was clearly erroneous. Since it was not clear error for the bankruptcy court to conclude that the 1989 transfer of property was bona fide, the court's conclusion that the Debtor's failure to list such property on his bankruptcy schedules was not done with knowledge of falsity or in reckless disregard of the truth was also not clearly erroneous. Even assuming *arguendo* that the bankruptcy court erred in taking judicial notice of the bankruptcy

trustee's opinion that "Republic's position that the Debtor did have [a concealed] interest" in the property was "meritless," *Boyer II*, 367 B.R. at 46, this was harmless error. *See United States v. Tussa*, 816 F.2d 58, 67 (2d Cir.1987) (stating that an error is harmless where it is "highly probable that the error did not contribute to the verdict" (internal quotation marks omitted)).

■ Finally, we address Republic's claim that the Debtor violated § 727(a)(2) and § 727(a)(4) by concealing and failing to disclose compensation that was redirected to Mary Boyer. Republic contends that the bankruptcy court committed clear error in finding that the payments received by Mary Boyer constituted repayment of a loan to Kenneth Boyer rather than redirected compensation for work performed by the Debtor. Because (1) the bankruptcy court credited the testimony of both Mary Boyer and Kenneth Boyer with respect to their loan agreement, (2) the agreement was corroborated by the fact that payments received by Mary Boyer equaled Kenneth Boyer's obligation under the loan agreement, and (3) Republic's evidence that the payments were compensation for work performed by the Debtor is not compelling, we find no clear error here.

All arguments not otherwise discussed in this summary order are found to be moot or without merit.

For the foregoing reasons, the judgments of the district court are hereby AFFIRMED.