**Ashok V. SHAH, Appellant**

v.

**BANK OF AMERICA.**

No. 09–1652.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 8, 2009.

Opinion filed: Sept. 10, 2009.

---

Ashok V. Shah, New Castle, DE, pro se.

Margaret M. Dibianca, Esq., Sheldon N. Sandler, Esq., Young, Conaway, Stargatt & Taylor, Wilmington, DE, Elena Marcuss, Esq., McGuirewoods, Baltimore, MD, Bruce M. Steen, Esq., McGuirewoods, Charlotte, NC, for Bank of America.

Before SLOVITER, AMBRO and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Ashok Shah, pro se, appeals from the District Court's grant of the appellee's motion for summary judgment. For the reasons that follow, we will affirm the District Court's order.

In 2006, Adecco, a temporary staffing agency, found a work assignment for Shah with its client Bank of America ("BOA"). Shah was to work for BOA from December 4, 2006, to December 29, 2006. Shah had previously worked as a temporary employee for MBNA before it was acquired by BOA. During his previous assignments, Shah and another employee, Nancy Weeks, developed a personal relationship that ended in August 2001. Weeks later reported to her manager that Shah called her continuously at home and at work, and supposedly drove by her house on multiple occasions. Shah testified that Weeks asked him to call her and that she was the one who harassed him, but he never reported the harassment to the police.

On December 4, 2006, Shah reported to work and was assigned to the same area as Weeks, who was not in the office that day. One of Weeks' coworkers who knew about the situation between Shah and Weeks recognized him and notified management. Management decided to avoid any problems. They informed Adecco that Shah's services were no longer needed, and escorted him out of the building without an explanation. Shah worked a total of 3.75 hours that day. He was later informed that the reason for his termination was a bad reference. The termination had no effect on his ability to find further assignments from Adecco.

Shah then filed suit against BOA in the Superior Court of Delaware alleging employment discrimination under Title VII of the Civil Rights Act and the Delaware Discrimination in Employment Act ("DDEA"). 42 U.S.C. § 2000e–2; 19 Del. Code Regs. § 711. In his suit, Shah, who is of Indian origin, alleged discrimination based upon race and national origin. He sought compensatory damages in excess of one million dollars and punitive damages of three billion dollars. BOA removed the case to the District of Delaware, where BOA moved for summary judgment on the grounds that Shah could not establish he was an employee for purposes of Title VII or the DDEA, could not establish that he had exhausted his administrative remedies, and could not establish a prima facie case of discrimination. On February 20, 2009, the District Court issued an order granting BOA's summary judgment motion. A timely notice of appeal followed.

Because summary judgment is only appropriate "where there is no issue of material fact and judgment is appropriate as a matter of law, our review of a grant of summary judgment is plenary." *Rosen v. Bezner*, 996 F.2d 1527, 1530 (3d Cir.1993) (citing *Jefferson Bank v. Progressive Cas. Ins. Co.*, 965 F.2d 1274, 1276 (3d Cir. 1992)); *see* Fed.R.Civ.P. 56(c). To survive a motion for summary judgment, the plaintiff cannot rely on unsupported allegations in the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After reviewing the record, we will affirm the District Court's grant of summary judgment.

To establish a claim under Title VII of the Civil Rights Act, Shah must first establish that he in fact was an employee of BOA, and not of Adecco, his temporary staffing agency. *See Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 127–28 n. 5 (3d Cir.1998) (stating that, as under Title VII, "independent contractors are not employees within the meaning of the ADEA") (Scirica, J., concurring in part, dissenting in part); *see also Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir.1996) (a plaintiff must prove " 'the existence of an employment relationship in order to maintain a Title VII action against [the defendant]," and "[i]ndependent contractors are not protected by Title VII.' ").

**834**

■ In order to determine whether a person is an employee for purposes of Title VII, the common law of agency and the traditional master-servant doctrine applies. *See Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 322–24, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992).[1] The court should consider:

> the hiring party's right to control the manner and means by which the product is accomplished [;] ... the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* at 323–24, 112 S.Ct. 1344.

■ The District Court found that under *Darden* Shah was not an employee of BOA.[2] After reviewing the record, we agree with that assessment. We first note that, as the District Court pointed out, Shah does not in fact provide evidence showing that BOA is his employer rather than Adecco. His brief to this Court states repeatedly that "I believe Bank of America, Defendant is employer (sic) under § 710(6). 'Employer' means any person Employing 4 or more persons at the time of the alleged violation." [3] While it is true that BOA qualifies as an employer under the DDEA in that it has more than four employees, that alone is not evidence that Shah is among them. The record demonstrates that Shah worked for BOA for fewer than four hours; that he continues to receive work assignments through Adecco; that it is Adecco that assigns his rate of pay; that BOA contacted Adecco before terminating Shah's employment; and that following his termination, Shah received unemployment benefits from Adecco, not BOA. Shah has submitted no evidence rebutting BOA's contention that he was not its employee at the time of the dismissal. As a result, we find that the District Court properly granted BOA's summary judgment motion because there existed no genuine issue of material fact as to whether Shah was an employee of BOA.[4]

---

1. *Darden* was an ERISA case, not a Title VII case. However, the statutory language is identical. Furthermore, the Supreme Court has applied *Darden* in other employment discrimination contexts where the statutory definition of employee is the same as that in ERISA. *See Clackamas Gastroenterology Assocs. v. Wells,* 538 U.S. 440, 444–45, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003).

2. The Court limited its analysis to Title VII standards because they are virtually identical to those of the DDEA.

3. It appears that Shah is relying upon the DDEA's definition of employer. *See* 19 Del. Code Regs. § 710(6) (" 'Employer' means any person employing 4 or more employees within the State at the time of the alleged violation....").

4. The District Court also held that Shah could not establish discrimination based upon race or national origin. We need not comment on the Court's analysis because we find that summary judgment was proper based upon the employment issue alone.