21-2917-bk
DuVall v. County of Ontario

# United States Court of Appeals
# for the Second Circuit

August Term, 2022

(Argued: May 15, 2023          Decided: September 29, 2023)

Docket No. 21-2917-bk

_____

CORI DUVALL,

*Plaintiff-Appellee,*

v.

COUNTY OF ONTARIO, NEW YORK,

*Defendant-Appellant.\**

_____

Before:

CALABRESI, LOHIER, and KAHN, *Circuit Judges.*

After Ontario County, New York foreclosed on her property due to unpaid real estate taxes, Cori DuVall filed a Chapter 13 bankruptcy petition. In her bankruptcy schedules, DuVall disclosed that she was the beneficiary of an annuity and claimed the annuity as exempt from the bankruptcy estate. The County failed to object to the claimed exemption within the timeframe prescribed by Federal Rule of Bankruptcy Procedure 4003(b). DuVall filed an adversary proceeding against the County seeking to avoid the tax foreclosure as a constructively fraudulent conveyance under 11 U.S.C. § 548. The United States Bankruptcy Court for the Western District of New York found that the annuity

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

was exempt from DuVall's bankruptcy estate by operation of Rule 4003(b) and that DuVall was thus insolvent at the time of the foreclosure. The Bankruptcy Court held that the foreclosure therefore amounted to a constructively fraudulent transfer of property, and it avoided the transfer. The District Court affirmed. The County now principally argues that it was not subject to the deadline prescribed by Rule 4003(b). We disagree and conclude that the Bankruptcy Court correctly applied Rule 4003(b). We also find no error in the Bankruptcy Court's choice of remedy. We therefore AFFIRM.

> ZACHARY J. PIKE, The Legal Aid Society of Rochester, NY, Rochester, NY, *for Plaintiff-Appellee*.
>
> JASON S. DIPONZIO, Rochester, NY, *for Defendant-Appellant*.

LOHIER, *Circuit Judge*:

For the third time in recent years, Ontario County, New York (the "County") asks us to overturn a Bankruptcy Court's decision in a proceeding connected to a tax foreclosure of real property. See Gunsalus v. County of Ontario, 37 F.4th 859 (2d Cir. 2022), cert. denied, 143 S. Ct. 447 (2022); Hampton v. County of Ontario, No. 20-3868, 2022 WL 2443007 (2d Cir. July 5, 2022). As in those prior cases, the United States Bankruptcy Court for the Western District of New York (Warren, B.J.) in this case issued a judgment and order avoiding the tax foreclosure as a constructively fraudulent transfer of property, see 11 U.S.C. § 548(a)(1), and the District Court (Larimer, J.) affirmed. The County argues that the Bankruptcy Court misinterpreted the relevant sections of the Bankruptcy

2

Code and Federal Rule of Bankruptcy Procedure 4003. By avoiding the foreclosure rather than awarding DuVall damages, the County claims, the Bankruptcy Court also improperly awarded DuVall a windfall. We disagree with the County's arguments and affirm.

## BACKGROUND

On December 29, 2014, Cori DuVall received a 49-acre farm and residence (the "Property") in West Bloomfield, New York from her mother. DuVall failed to pay approximately $22,000 in property taxes to the County in 2015. The County then brought an in rem tax foreclosure proceeding by filing a foreclosure petition under New York Real Property Tax Law Article 11. When DuVall failed to answer the foreclosure petition or redeem the Property by paying the unpaid taxes and penalties, the Ontario County Supreme Court entered a default judgment of foreclosure on the Property on March 7, 2017, and the Property was transferred from DuVall to the County that day.

DuVall sought to vacate the foreclosure in May 2017 in the Ontario County Supreme Court. When the Supreme Court denied her application, DuVall appealed to the Appellate Division, which affirmed. County of Ontario v. DuVall, 93 N.Y.S.3d 497 (4th Dep't 2019). The County, meanwhile, sold the

3

Property to third parties in an auction held on May 17, 2017, but refrained from transferring title pending resolution of the litigation against DuVall. Of the $91,000 in sale proceeds, the County kept approximately $69,000 in surplus funds after accounting for the roughly $22,000 tax debt, as permitted under New York law. See Hoge v. Chautauqua County, 104 N.Y.S. 3d 813, 815 (4th Dep't 2019); see also New York Real Property Tax Law § 1136(3).

On March 1, 2019, nearly two years after the foreclosure, DuVall filed a bankruptcy petition under Chapter 13 and filed bankruptcy schedules two weeks later. In all, DuVall claimed $295,419.22 in assets, including the Property, which she valued at $186,000. According to the schedules, the County had foreclosed on the Property but DuVall intended to "undo [the] transfer via [an] adversarial proceeding pursuant to Bankruptcy Code Section 548." Joint App'x 32. The schedules separately identified an annuity of unknown value (the "Annuity") of which DuVall was the beneficiary. DuVall claimed the full value of the Annuity (along with other property not relevant to this appeal) as exempt from the estate under Section 522(d)(11)(E) of the Bankruptcy Code.[1] The schedules also listed several unsecured creditors but revealed that DuVall's only secured creditor was

---

[1] All references to a "Section" are to sections of the Bankruptcy Code as codified in Title 11 of the U.S. Code.

the County. Lastly, the schedules provided that the Ontario County Attorney, Ontario County Treasurer, and the County's attorney would all receive notice of the bankruptcy filing.

DuVall served the County with the petition and schedules on March 14, 2019. Although a meeting of creditors as required under Section 341(a) was held on April 15, 2019, the County did not file any objections to DuVall's schedules at that time or request an extension of time to object.

DuVall commenced the adversary proceeding underlying this appeal on April 25, 2019 and served the County on May 3, 2019. DuVall claimed that transferring the Property was fraudulent under 11 U.S.C. § 548(a)(1)(B), because it gave her less than a reasonably equivalent value of the Property in exchange and left her insolvent. DuVall asked the Bankruptcy Court to avoid the property transfer and to allow her to satisfy the tax lien through a plan approved in the main bankruptcy proceeding.

In June 2020 the County moved in limine to admit evidence of the Annuity's value. According to the County, that evidence showed that DuVall was not insolvent on March 7, 2017 and so refuted DuVall's claim that the foreclosure amounted to a constructively fraudulent transfer. The Bankruptcy

5

Court denied the County's motion in limine on the ground that property claimed as exempt by a debtor is exempt under Section 522(l) of the Code unless a party in interest objects to the claimed exemption "within 30 days after the meeting of creditors held under § 341(a) is concluded." Fed. R. Bankr. P. 4003(b)(1). The County's failure to object to the claimed exemption of the Annuity by May 16, 2019 (30 days after the meeting of creditors in this case and more than a year before the County filed its motion in limine), the Bankruptcy Court explained, meant that the Annuity was exempt, rendering evidence of its value irrelevant to the insolvency determination.

The case proceeded to trial without the evidence of the Annuity's value, following which the Bankruptcy Court issued an order and judgment avoiding the tax foreclosure as a constructively fraudulent conveyance. The County appealed to the District Court, which affirmed, and now appeals to us.

**DISCUSSION**

"We exercise plenary review over a district court's affirmance of a bankruptcy court's decisions, reviewing <u>de novo</u> the bankruptcy court's

conclusions of law, and reviewing its findings of facts for clear error."  Gasson v.

Premier Cap., LLC, 43 F.4th 37, 41 (2d Cir. 2022) (quotation marks omitted).

**I**

When a debtor files a Chapter 13 bankruptcy petition, all of the debtor's

assets become property of the bankruptcy estate subject to the debtor's right to

reclaim certain property as "exempt."  11 U.S.C. § 522(l).  The Bankruptcy Code

specifies the types of property debtors may exempt.  Id. § 522(b).  Property a

debtor claims as exempt will be excluded from the bankruptcy estate "[u]nless a

party in interest" objects.  Id. § 522(l).  Specifically, Section 522(l) provides that a

debtor must "file a list of property that the debtor claims as exempt," and that,

"[u]nless a party in interest objects, the property claimed as exempt on such list is

exempt."  Under Rule 4003(b), "a party in interest may file an objection to the list

of property claimed as exempt within 30 days after the meeting of creditors held

under [11 U.S.C.] § 341(a) is concluded . . . .  The court may, for cause, extend the

time for filing objections if, before the time to object expires, a party in interest

files a request for an extension."  Fed. R. Bankr. P. 4003(b).  "By negative

implication, the Rule indicates that creditors may not object after 30 days 'unless,

within such period, further time is granted by the court.'"  Taylor v. Freeland &

7

Kronz, 503 U.S. 638, 643 (1992) (quoting Fed. R. Bankr. P. 4003(b) (1992)).  Under

Section 522(l) and Rule 4003(b), therefore, if an interested party fails to object

within the time allowed, a claimed exemption will exclude the subject property

from the estate.

Despite that framework and the County's failure to timely object to the

claimed exemption over the Annuity, the County argues that the Bankruptcy

Court should have granted its motion in limine because Rule 4003(b) does not

operate as a time bar that prevents the County from objecting to the inclusion of

the Annuity in DuVall's assets as of March 7, 2017.  Instead, the County claims

that it was entitled to use the Annuity's value to demonstrate that DuVall was

not insolvent as of that date.

DuVall sought to have the tax foreclosure avoided as a constructively

fraudulent conveyance under Section 548(a)(1)(B) of the Bankruptcy Code.  A

debtor seeking avoidance of a transfer under that provision must show the

following:

> (1) the debtor had an interest in property; (2) a transfer of
> that interest occurred on or within two years of the
> bankruptcy petition; (3) the debtor was insolvent at the
> time of the transfer or became insolvent as a result of the
> transfer; and (4) the debtor received 'less than a

> reasonably equivalent value in exchange for such transfer.'

Gunsalus, 37 F.4th at 864 (quoting 11 U.S.C. § 548(a)(1)(B)(i)). The parties do not dispute that DuVall owned the Property, lost her entire interest in a tax foreclosure within two years of the filing of her bankruptcy petition, and did not receive "reasonably equivalent value" in exchange for the Property because the entire Property was seized to pay for a tax deficiency that was much smaller than its assessed value. See id. at 865–66. Therefore, the only disputed question is whether DuVall was insolvent at the time the Property was transferred to the County.

A debtor is insolvent if the sum of her debts is "greater than all of [her] property, at a fair valuation, exclusive of . . . property that may be exempted from property of the estate under section 522" of the Bankruptcy Code. 11 U.S.C. § 101(32)(A). Whether certain property is "exempted from property of the [bankruptcy] estate under section 522" will determine if DuVall was solvent or insolvent when the transfer of the Property occurred in May 2017. As we have discussed, if an objection to a claim of exemption is not filed then property can be exempted by default under Rule 4003(b), which provides that "a party in interest may file an objection to the list of property claimed as exempt within 30 days

9

after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."  Fed. R. Bankr. P. 4003(b).

The Bankruptcy Court found that the County received notice of the filing of DuVall's Chapter 13 petition and was served with the summons and complaint "well in advance of the objection deadline under Rule 4003(b)(1)" but failed timely to object to DuVall's claimed exemption of the Annuity from the bankruptcy estate.  Joint App'x 211.  The Bankruptcy Court concluded that the Annuity was therefore exempted from DuVall's estate.  Because there was no reason for the County to introduce evidence regarding the value of exempt property, the Court denied the County's motion in limine.

We agree with the Bankruptcy Court.  "In interpreting a statute, we begin of course by giving effect to the plain meaning of the text — and, if that text is unambiguous, our analysis usually ends there as well."  Williams v. MTA Bus Co., 44 F.4th 115, 127 (2d Cir. 2022) (quotation marks omitted).  Applying the language of Rule 4003(b), read together with Sections 101(32) and 522(l), makes clear that the Annuity is exempt due to the County's failure to timely object to Duvall's claimed exemption.  Only "Congress may enact . . . provisions to

address [any] difficulties" that follow from the Rule's strict application. <u>Taylor</u>, 503 U.S. at 644.

The County raises several contrary arguments. First, it suggests that it was not required to object to DuVall's claimed exemption before the creditor's meeting under Section 341(a). This argument involves a somewhat convoluted and peculiar line of reasoning. As an initial matter, the County says, a tax foreclosure can be a fraudulent conveyance only if the debtor was insolvent on the date the transfer was made or if the debtor became insolvent as a result of the transfer. The second step, the County insists, is to ask whether property could be properly exempted at the time of the conveyance itself. The County reasons that the absence of an objection cannot affect whether a debtor was insolvent at the time of a pre-bankruptcy tax foreclosure because such an absence is relevant to what property belongs in the bankruptcy estate only as of the commencement of the bankruptcy proceeding. In the County's view, only the substantive provisions of Section 522 determine whether property is properly exempted at the earlier point. Thus, the County concludes, the 30-day time limit in Rule 4003(b), a procedural provision, is inapplicable to this case, and DuVall could not

11

claim the Annuity was exempt on March 7, 2017 based solely on the County's failure to object.

The County's logic conflicts with the logic and text of the statutory scheme. The Bankruptcy Code permits a trustee to avoid a transfer that occurred within two years of the filing of a bankruptcy petition. See 11 U.S.C. § 548(a)(1). As relevant here, because the Property was transferred within two years of DuVall's bankruptcy petition, that transfer may be avoided if DuVall did not receive reasonably equivalent value for it and was insolvent on the date of transfer or rendered insolvent by the transfer on March 7, 2017. Id. § 548(a)(1)(B). To determine whether DuVall was insolvent on the date of transfer or rendered insolvent by the transfer, the Bankruptcy Court was compelled to exclude from its calculation of DuVall's assets "property that may be exempted from property of the estate under section 522." Id. § 101(32)(A)(ii). The plain text of the Code thus contemplates that insolvency is determined based on the debts and properties of and exemptions from the bankruptcy estate.

The County asks us to interpret Section 101's reference to "section 522" to include only the substantive subsections of Section 522. In other words, the County says, we should ignore procedural subsections like Section 522(l), which

in conjunction with Rule 4003(b) authorizes debtors to claim property as exempt even if the property does not satisfy the substantive criteria set forth in other subsections of Section 522.  Taylor, 503 U.S. at 642.  But Section 101 plainly states that any property that is claimed as exempt and not objected to "may be exempted . . . under section 522," 11 U.S.C. § 101(32)(A)(ii) – even if no good faith basis for claiming such an exemption exists.[2]

Offering another counterargument, the County invites us to look at the statutory purpose of the Bankruptcy Code notwithstanding the plain terms of Section 522 and Rule 4003.  Although "the Supreme Court has . . . explained in interpreting other sections of the Bankruptcy Code that we must not be guided by a single sentence or part of a sentence, but look to the provisions of the whole law, and to its object and policy," Cap. Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 49 (2d Cir. 1997) (cleaned up), we decline to look

---

[2] The County, seeking another textual hook for its argument, points to the word "may" in the phrase "property that may be exempted from property of the estate under section 522," id. § 101(32)(A)(ii) (emphasis added).  The County contends that "may" here "connotes the exercise of discretion" and thus "means that the court must make [the] determination [of whether property may be exempted] as of the operative date."  Reply Br. 2.  This argument was not developed in the County's opening brief, so we need not, and in our discretion do not, consider it.  Anilao v. Spota, 27 F.4th 855, 873 (2d Cir. 2022) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court." (quotation marks omitted)).

beyond the plain text of Section 522 and Rule 4003 in this case to craft exceptions to their application based on statutory purpose, see Taylor, 503 U.S. at 644.

The County's remaining arguments fare no better. The County attempts to distinguish Taylor on the ground that the bankruptcy trustee in Taylor sought the return of property to the bankruptcy estate, whereas the County "seek[s] to defend itself in a claim brought by [DuVall] that was wholly unrelated to whether the Annuity should be made available for payment of creditor claims." Appellant's Br. 29–30. This distinction does not matter. Taylor describes when property is exempt from a bankruptcy estate under Section 522(l). Nothing in Taylor, Section 522(l), or any other statutory provision at issue in this case suggests that Taylor's reading of Rule 4003(b) is limited to only some types of exemptions. Accordingly, Taylor dictates the result here.

The County also argues that Rule 4003(b)'s timely objection requirement is either a rule of estoppel, whereby failure to object to an exemption within the 30-day timeframe estops or precludes the creditor from challenging the exemption, or qualifies as a statute of limitations subject to equitable tolling. But nothing in the language of Rule 4003 or our caselaw suggests that it qualifies as an equitable doctrine. To the contrary, Taylor tells us that the rule imposes a hard deadline

14

not subject to equitable tolling, as one would expect of a statute of limitations or an equitable doctrine such as collateral estoppel.  See CBF Indústria de Gusa S/A v. AMCI Holdings, Inc., 850 F.3d 58, 78 (2d Cir. 2017) (noting that "issue preclusion is an equitable doctrine").

Straining further to support its interpretation of Rule 4003(b), the County points to decisions in lien avoidance proceedings under Section 522(f).  These decisions are far from on point.  They rest on the distinctive treatment of lien avoidance actions under Rule 4003(d), not Rule 4003(b), or on the specific language of Section 522(f), not Section 522(l).  See In re Schoonover, 331 F.3d 575, 578 (7th Cir. 2003) (holding that Taylor does not apply to Rule 4003(d)); Morgan v. FDIC (In re Morgan), 149 B.R. 147, 151–52 (B.A.P. 9th Cir. 1993) (stressing that § 522(f), by its plain terms, applies only where a debtor "would have been entitled to [an] exemption under § 522(b)" (quotation marks omitted)); In re Armenakis, 406 B.R. 610, 614 (Bankr. S.D.N.Y. 2009) (similar); In re Maylin, 155 B.R. 605, 612–13 (Bankr. D. Me. 1993) (relying on historical practice in Section 522(f) cases).  Even a cursory reading of Rule 4003(d) and Section 522(f) shows

15

that they differ in important ways from the provisions – Rule 4003(b) and Section

522(l) – at issue here.[3]

For these reasons, we find no error in the Bankruptcy Court's decision to

deny the County's motion in limine.[4]

## II

The County alternatively argues that the proper remedy for a

constructively fraudulent transfer of the Property in this case would have been to

award DuVall damages limited to either the amount of creditor claims or the

---

[3] Some bankruptcy courts have sought to distinguish Taylor by applying the reasoning applicable to Section 522(f) to Section 522(h). See Shawhan v. Shawhan (In re Shawhan), No. BAP NV-08-1049, 2008 WL 8462964, at *11 (B.A.P. 9th Cir. July 7, 2008); Premier Cap., Inc. v. DeCarolis (In re DeCarolis), 259 B.R. 467, 471 n.8 (B.A.P. 1st Cir. Mar. 15, 2001); Ryker v. Current (In re Ryker), 315 B.R. 664, 673 (Bankr. D.N.J. 2004); Maylin, 155 B.R. at 613.  But we do not think that Taylor is distinguishable in this way.  As can be inferred from the Supreme Court's reasoning in Taylor, property may be exempted from the bankruptcy estate by default if no provision of the Bankruptcy Code prevents Rule 4003(b) from applying to actions under Section 522(h).  See Taylor, 503 U.S. at 643–44.

[4] The County gestures at an argument that "[j]ust because Congress has codified a defense," it has not necessarily "barr[ed] all other defenses that have been permitted by common law."  Appellant's Br. 28.  Even assuming that proposition has merit, but see Taylor, 503 U.S. at 644, the County has failed to develop this argument and we deem it abandoned.

amount of the claimed exemption.[5]  Specifically, the County contends that "[t]he purpose of fraudulent conveyance actions is to prevent harm to creditors by a transfer of property from the debtor."  Appellant's Br. 30.  Because DuVall's bankruptcy schedules demonstrate that she is "able to pay all creditor claims in full," it maintains, avoiding the tax foreclosure "would only benefit [DuVall] and provide no benefit to her creditors."  Appellant's Br. 33.  In the County's view, the Bankruptcy Court's choice to avoid the tax foreclosure altogether resulted in an undeserved windfall in DuVall's favor.  To avoid this result, the County claims that DuVall should have been awarded damages "either representing the amount of creditor claims presented, or in the alternative, the value of [the] exempt portion of the Property."  Appellant's Br. 34.  We reject the County's arguments.

To start, the County's proposal to limit DuVall's damages to the amount of creditor claims lacks support in the text of Section 522(h), under which DuVall was entitled to bring this Section 548 proceeding.  Section 522(h) provides that a

---

[5] DuVall argues the County did not preserve this argument below, notwithstanding that the County raised this argument to the Bankruptcy Court in a post-trial motion.  The District Court agreed with DuVall.  Because we reject the County's argument on its merits, we need not address DuVall's contention that the County was required to raise this argument as an affirmative defense in its answer.  See Untied States v. Raniere, 55 F.4th 354, 362 n.10 (2d Cir. 2022).

debtor "may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property." 11 U.S.C. § 522(h). Section 552(i)(1) in turn provides that if a debtor avoids a transfer of property under Section 522(h), the debtor may recover "in the manner prescribed by" Section 550(a). See 11 U.S.C. § 522(i)(1).[6] Section 550(a) further provides that the "trustee may recover, for the benefit of the estate, the property transferred, or…the value of such property." Nothing in these provisions of the Bankruptcy Code appears to limit the award of damages to the amount of creditor claims. Cf. Brennan-Centrella v. Ritz-Craft Corp. of Pennsylvania, 942 F.3d 106, 111 (2d Cir. 2019) (noting that "it would be strange for [a] statute to mention specifically

---

[6] Section 522(i)(1) provides: "If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section." Section 550(a), for its part, provides as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
> > (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> > (2) any immediate or mediate transferee of such initial transferee.

18

several remedies . . . while leaving [the remedy at issue] to implication" (quotation marks omitted)).

We therefore turn to the Bankruptcy Court's decision to avoid the transfer of the Property rather than award DuVall damages in the amount of the claimed exemption. The parties appear to agree that the Bankruptcy Court had discretion to choose between the two remedies listed in Section 522(h), and so we take the same approach.

Even assuming that avoiding the transfer here resulted in a disfavored windfall for DuVall,[7] the County's argument ignores that we have been critical of windfalls to creditors and debtors alike. See Gunsalus, 37 F.4th at 866. In defense of the windfall the County would reap should we reverse the Bankruptcy Court's decision, the County explains that New York state law permitted it to keep the approximately $69,000 in surplus funds from the sale of the Property. But that defense is now unavailable in light of Tyler v. Hennepin County, 143 S. Ct. 1369, 1380 (2023), which held that there is an unconstitutional

_____

[7] Windfalls to debtors are generally disfavored. See Vintero Corp. v. Corporacion Venezolana de Fomento (In re Vintero Corp.), 735 F.2d 740, 742 (2d Cir. 1984); Whiteford Plastics Co. v. Chase National Bank of N.Y.C., 179 F.2d 582, 584 (2d Cir. 1950).

taking in violation of the Takings Clause when a county keeps the surplus funds

accrued from a tax foreclosure.

We accordingly decline to disturb the Bankruptcy Court's decision to

avoid the transfer as the appropriate remedy.

## CONCLUSION

We have considered the County's remaining arguments[8] and conclude that

they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of

the District Court.

---

[8] The County also argued in its opening brief that the Bankruptcy Court erred by declining to extend the holding of BFP v. Resolution Trust, 511 U.S. 531 (1994), to tax foreclosure proceedings under New York Real Property Tax Law Article 11.  Although we had already held in Gunsalus that BFP did not extend to Article 11 proceedings, 37 F.4th at 865–66, the County sought to preserve its argument pending the Supreme Court's disposition of the County's petition for certiorari in Gunsalus.  After the Supreme Court denied the petition on November 21, 2022, see County of Ontario v. Gunsalus, 143 S. Ct. 447 (2022), the County withdrew this argument.