25-856
*In Re: Orly Genger*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-six.

PRESENT:
        REENA RAGGI,
        MYRNA PÉREZ,
        SARAH A. L. MERRIAM,
           *Circuit Judges*.

―――――――――――――――――――――――――

IN RE: ORLY GENGER

                *Debtor.*

―――――――――――――――――――――――――

DALIA GENGER,

          *Plaintiff-Appellant*,

        v.                             No. 25-856

ORLY GENGER, ARIE GENGER, ARNOLD BROSER, DAVID BROSER, THE GENGER LITIGATION TRUST, ADBG LLC, TEDCO, INC., ERIC HERSCHMANN, DEBORAH J. PIAZZA, MICHAEL BOWEN,

            *Defendants-Appellees.*

―――――――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**        Ira Daniel Tokayer, Esq., New York, NY.

**FOR DEFENDANT-APPELLEE ARIE**     Frank A. Oswald, Togut, Segal & Segal
**GENGER:**                          LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES**         Christopher Gartman, Carl W. Mills,
**ARNOLD BROSER, DAVID BROSER,**     Hughes Hubbard & Reed LLP, New
**THE GENGER LITIGATION TRUST,**     York, NY.
**ADBG LLC, TEDCO, INC.:**

**FOR DEFENDANT-APPELLEE**           Rocco A. Cavaliere, Tarter Krinsky &
**DEBORAH J. PIAZZA**                Drogin LLP, New York, NY.

**FOR DEFENDANT-APPELLEE ORLY**      Michael Paul Bowen, Herschmann
**GENGER**                           Benson Bowen LLP, New York, NY.

**FOR DEFENDANT-APPELLEE ERIC**      Eric D. Herschmann, pro se, Austin, TX.
**HERSCHMANN**

**FOR DEFENDANT-APPELLEE**           Michael Paul Bowen, pro se, New York,
**MICHAEL BOWEN**                    NY.

Appeal from a March 18, 2025, judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

I.    <u>Background</u>

Plaintiff-Appellant Dalia Genger and Defendant-Appellee Arie Genger divorced in 2004, and family assets were divided between Dalia, Arie, and their two children, Defendant-Appellee Orly Genger and non-party Sagi Genger. As more fulsomely presented in our past, related decisions, *see, e.g.*, *Genger v. Genger*, 771 F. App'x 99, 99–100 (2d Cir. 2019) (summary order), the main arrangements are as follows.

2

The assets in question were shares of family business Trans-Resources, Inc. ("TRI"). Dalia agreed to convey to Sagi and Orly her shares of TRI, to be held in trusts for Sagi and Orly each. In exchange, Sagi agreed to provide Dalia financial support upon Dalia's request. In a separate agreement, Orly agreed to indemnify Sagi for half of any financial support he paid Dalia. In the ensuing twenty-plus years since the divorce, the family has been engaged in litigation over these arrangements and the underlying assets. Orly asserts that it is in part her obligations under these arrangements that led her to file for bankruptcy relief in July 2019, thus kicking off the underlying action of this latest appeal.

Some additional details are relevant here. Other parties outside of the Genger family have disputed the family's ownership of the TRI shares, including whether they were validly conveyed to Sagi and Orly as part of the divorce arrangements in the first place. Orly entered into a settlement agreement in 2013 with those parties whereby she relinquished her claims to her TRI shares for a sum of money.

The crux of Dalia's claims here, as laid out in Dalia's operative Amended Complaint, is that Orly "monetized her interest" in her beneficial ownership of TRI shares via that 2013 settlement, and thus a portion of those settlement proceeds belonged to Dalia to support her retirement, pursuant to the original post-divorce arrangements. *See* Appellant's App'x at 5.10–5.11. Dalia alleges that "in 2013 Orly secretly and fraudulently transferred approximately $17.3 million of the $32.3 million obtained in the 2013

3

Settlement Agreement to creditors and/or business partners of Arie" in order to insulate those proceeds from Dalia. *See id.* at 5.16. As such, Dalia asserts a claim for a constructive trust and seeks attendant relief of an equitable lien and an injunction.[1] The Bankruptcy Court rejected Dalia's claims for lack of standing, as time barred, and for failing to sufficiently state a claim. The Bankruptcy Court also denied leave to amend on futility grounds. On appeal from the Bankruptcy Court, the District Court reversed on standing but affirmed the remainder of the Bankruptcy Court's rulings. *See generally Genger v. Genger (In re Genger)*, No. 24CV7072, 2025 WL 835795 (S.D.N.Y. Mar. 17, 2025).

## II.     Standard of Review

"We exercise plenary review over a district court's affirmance of a bankruptcy court's decisions, reviewing <u>de novo</u> the bankruptcy court's conclusions of law, and reviewing its findings of facts for clear error." *DuVall v. County of Ontario*, 83 F.4th 147, 150 (2d Cir. 2023) (quoting *Gasson v. Premier Cap., LLC*, 43 F.4th 37, 41 (2d Cir. 2022)). "In doing so, we 'accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor.'" *Little Hearts Marks Fam. II L.P. v. Carter (In re 305 E. 61st St. Grp. LLC)*, 130 F.4th 272, 278 (2d Cir. 2025) (alterations in original) (quoting *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011)).

---

[1]     Dalia agreed to dismiss her claim for declaratory judgment as subsumed by her other claims. *See* Appellant's App'x at 714.

We review the denial of leave to amend for abuse of discretion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and whether leave should be given is subject to the sound discretion of the trial court, *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); Fed. R. Bankr. P. 7015 ("Fed. R. Civ. P. 15 applies in an adversary proceeding."). However, if "the denial was based on an interpretation of law, such as futility, . . . we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns., Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 321 (2d Cir. 2010)).

This Court may affirm "on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) (quoting *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)).

## III. Discussion

As an initial matter, we agree with the District Court that Dalia has standing. Dalia alleges that she is entitled to a portion of Orly's proceeds from Orly's 2013 settlement, and that Orly has refused to provide it. Dalia thus alleges "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and

redressable by a favorable ruling." *Variscite NY Four, LLC v. N.Y. State Cannabis Control Bd.*, 152 F.4th 47, 56 (2d Cir. 2025) (quoting *Murthy v. Missouri*, 603 U.S. 43, 57 (2024)).

We also agree that Dalia has failed to state a claim for a constructive trust. There is no dispute that New York law applies. Under New York law, the elements of a constructive trust claim are: "(1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (quoting *Consumers Union of U.S., Inc. v. State*, 840 N.E.2d 68, 77 n.14 (N.Y. 2005)). While there are a number of deficiencies in Dalia's arguments, we need only explain below Dalia's inadequate pleading of the second element, which is fatal to her claims here.[2]

Dalia concedes that a direct promise between Dalia and Orly is required. To wit, Dalia's argument on this appeal is that there *was* in fact a "pre-existing direct promise" from Orly to Dalia, and that none of the existing—and at this point well-defined—agreements between Dalia, Orly, and Sagi altered *that* pre-existing oral promise. Appellant's Br. 4–5. Dalia further asserts that prior court decisions have already found the existence of this particular promise, and that she sufficiently asserted all of this in her Amended Complaint in a single sentence.

---

[2] Because a constructive trust arises in equity, New York courts sometimes refer to the four requirements as "factors [that] are useful in many cases," rather than elements, because the "constructive trust doctrine is not rigidly limited." *Simonds v. Simonds*, 380 N.E.2d 189, 194 (N.Y. 1978). In this case, however, Dalia's failure to adequately allege a promise is nonetheless fatal to her claims.

Dalia's arguments are unavailing.  In asserting that she sufficiently pled the pre-existing direct promise, Dalia points to paragraph forty-four of her Amended Complaint. Appellant's Reply at 9.  That paragraph states, in full: "Orly promised to pay Dalia from the monetized proceeds of the Rights and/or reimburse and indemnify Sagi for his payments to Dalia made pursuant to Dalia's request."  Appellant's App'x at 5.17.  Of course, "we are not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations," and we decline to do so here.  *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).  Dalia's bare assertion is belied by other allegations in her Amended Complaint, *see* Appellant's App'x at 5.7–5.10, 5.14–5.16, as well as the extensive litigation history, both of which reflect Dalia suing Sagi for payment and Sagi suing Orly for indemnification in accordance with the squarely defined contractual relationships at issue:

> The 2004 Integrated Agreement clearly purports to provide each party with a benefit in exchange for a legal obligation: Dalia receives financial support in exchange for the transfer of the TRI shares to the Sagi Trust and the Orly Trust; Sagi receives an ownership interest in the TRI shares in exchange for a commitment to financially support Dalia; and Orly receives an ownership interest in TRI shares in exchange for a commitment to indemnify Sagi.

*See Genger v. Genger*, 76 F. Supp. 3d 488, 499 (S.D.N.Y. 2015) (footnote omitted).  Contrary to Dalia's assertions, that decision did not reference—let alone make a factual finding of—a direct promise between Dalia and Orly.  Indeed, the only reference to an oral promise made was that "Orly verbally agreed to indemnify Sagi for 50% of the payments

7

he would have to make" to Dalia, which is entirely consistent with the contractual relationships that court *did* find. *See id.* at 493 & n.7; *see also Genger v. Genger*, 771 F. App'x 99, 102 (2d Cir. 2019) (summary order) (affirming "that the District Court correctly held that Orly is required under the 2004 Indemnity to [indemnify] Sagi for half of the amount he owes to Dalia under the 2004 Promise"). We do not retread those well-worn determinations. Without that second element—the existence of a promise between Dalia and Orly—Dalia fails to state a claim for a constructive trust.

Because Dalia's remaining claims are premised on her constructive trust claim, she has likewise failed to state a claim for an equitable lien and injunctive relief.

As noted above, we have considered Plaintiff's remaining arguments and conclude that they are without merit. The judgment of the District Court is **AFFIRMED**.

<div style="margin-left: 50%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>